74, 236 N.E.2d 19; *People v. Shockey* (1966), 66 Ill.App.2d 245, 213 N.E.2d 107.) Our supreme court, in discussing our power, has stated that the power

"\* \* \* should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals."*People v. Taylor* (1965), 33 Ill.2d 417, 424, 211 N.E.2d 673; *accord, People v. Caldwell* (1968), 39 Ill.2d 346, 236 N.E.2d 706.

We see no substantial reason which would enable us to make a cautious exercise of our power.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.

JOHN R. PATETE et al., Plaintiffs-Appellants, v. FREDERICK BAKER et al., Defendants-Appellees.

(No. 57330; )

First District (3rd Division)—August 30, 1973.

PER CURIAM.
DEMPSEY, J., took no part.

Gorman and Drugas, of Chicago, (Robert J. Gorman, of counsel,) for appellants.

Ross and East, of Chicago, (Warren R. Ross and James East, of counsel,) for appellees.